UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF KENTUCKY

ASHLAND DIVISION

EASTERN DISTRICT OF KENTUCKY
FILED
APR 0 8 2020
EDWARD B. ATKINS
U.S. Magistrate Judge

CONTENTS OF ACCOUNT xxxx6729, )
UP TO $9,723,822.00 IN THE NAME OF )
KAREN DENISE HABLE TRUST AT )
BB&T / TRUIST, LOCATED AT 214 N. )
TRYON STREET, FLOOR 44, )
CHARLOTTE, NC 28202 )

## Affidavit in Support of Application for Seizure Warrant

I, Terrance L. Brown after being duly sworn, depose and state as follows:

1. I am and have been a Special Agent with the Internal Revenue Service, Criminal Investigation since July 2005. I received extensive training in tax law, money laundering, financial schemes, and accounting and financial investigative techniques at the Federal Law Enforcement Training Center and through internal IRS training. My primary duties and responsibilities include investigating financial crimes under Title 18 and Title 26 (Internal Revenue Code) of the United States Code. During my time as a Special Agent, I have participated in investigations involving tax refund schemes, money laundering, and the hiding of assets. For two years, I coordinated an IRS project that investigated fraudulent-tax return filings by taxpayers. I also have written multiple affidavits for seizure warrants and conducted multiple asset seizures, including seizures of fraudulently obtained tax refunds.

2. The following information is based on information provided to me by other law enforcement officers and law enforcement-related personnel, my personal knowledge of events set

forth herein, review of tax filings, review of bankruptcy filings, discussions with banking employees, and historical law enforcement reports and documents.

## OVERVIEW & PURPOSE OF THIS AFFIDAVIT:

3. Your affiant is currently investigating Karen Denise Smith (née Karen Denise Habel) ("Karen Smith"), Kenneth Smith, and the Karen Denise Hable Trust ("the Trust"), for various criminal offenses related to the filing of a fictitious tax return and the receipt of a tax refund generated from that fictitious return's filing. As detailed below, there is probable cause to believe Karen Smith and/or Kenneth Smith, acting alone and/or in concert with each other or with others, filed a false Federal tax return, usually wholly fictitious information, which made a claim for a tax refund. The fictitious tax return/claim was submitted to the IRS electronically in violation of 18 U.S.C. §1343. The fictitious filing caused the IRS to issue a tax refund totaling $9,723,822 via the United States mail in violation of 18 U.S.C. §1341, which was deposited into a bank account in the name of the Trust. When taken together, the filing of the false claim and the depositing of the fraudulently obtained refund check violate 18 U.S.C. §641.

4. Pursuant to 18 U.S.C. §981(a)(1)(C), "[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to ... a 'specified unlawful activity (as defined in [18 U.S.C. §1956(c)(7)])' or a conspiracy to commit such offense" is subject to forfeiture to the United States. Wire fraud (18 U.S.C. §1343), mail fraud (18 U.S.C. §1341), and theft of public property (18 U.S.C. §641), are all specified unlawful activities as defined in 18 U.S.C. §1956(c)(7)(A)&(D).

5. Pursuant to 18 U.S.C. §982(a)(2)(A), "The court, in imposing sentence on a person convicted of a violation of, or a conspiracy to violate section ...1341, 1343...shall order that the

2

person forfeit to the United States any property constituting, or derived from, proceeds the person obtained directly or indirectly, as a result of such violation." The property is also subject to criminal forfeiture as proceeds of violations of 18 U.S.C. §1341 and/or §1343 pursuant to 18 U.S.C. §982(a)(2)(B) and/or 28 U.S.C. §2461(c).

6. This affidavit supports an application for a warrant to seize the contents of account number xxxx6729 up to $9,723,822.00 in the name of Karen Denise Hable Trust at BB&T / Truist, at 214 N. Tryon Street, Floor 44, Charlotte, North Carolina 28202. As detailed below, there is probable cause to believe said funds in the account are subject to seizure and forfeiture to the United States pursuant to 18 U.S.C. §981(a)(1)(C) & (b)(1) and as property constituting or derived from proceeds of a specified unlawful activity, specifically 18 U.S.C. §1341 (mail fraud), §1343 (wire fraud), and/or §641 (theft of public property). There is also probable cause to believe said funds in the account are subject to seizure and forfeiture to the United States pursuant to 18 U.S.C. §982(a)(2)(A) as criminal proceeds.

7. This affidavit is offered for the sole purpose of demonstrating probable cause to seize the aforementioned funds in the account. For that reason, this affidavit does not set forth all facts and evidence known to this investigation. Nor does it identify all potential criminal charges applicable to this case.

## PROBABLE CAUSE

I. Subjects' Background

8. The Smiths are married.

9. Since 1995, the Smiths, jointly or individually, have filed four bankruptcy cases, all in the Eastern District of Kentucky. Three of those four cases have been filed since 2015. In

one of the cases, which is still open as of April 2020, the Smiths filed documents, without utilizing an attorney, which make sovereign citizen-type arguments. As an example, as it relates to a mortgage loan where the lender filed a *proof of claim*, a responsive *objection to proof of claim* was filed by the Smiths espousing that the contract which was the basis for the claim was a "lawless contract" because the bank was "not permitted to contract with the general public." Other documents with similar arguments were filed by the Smiths in that bankruptcy case. *See In Re Karen Denise Smith and Kenneth David Smith, 2:2015bk20858* (EDKY, T. Wise).

II. Scheme to Defraud

10. On or about January 20, 2020, the IRS received an electronically filed U.S. Income Tax Return for Estates and Trusts, Form 1041, in the name of Karen Denise Hable Tr for the tax year 2018. The return listed the fiduciary as Karen Denise Trustee. The approximate physical location of the IP address from which the return was filed is close to the Smiths' home address of 1580 Crane Creek Road, Grayson, Kentucky 41143.

11. The Form 1041 tax return showed an address of 1580 Crane Creek Road, Grayson, Kentucky 41143. This address is also referenced in bankruptcy filings as the Smiths' address. The return claimed interest income of $10,000,000, a net operating loss[1] of $10,000,000, and federal income tax withheld of $10,000,000. The return showed a total tax of $276,178, which was the alternative minimum tax.[2] The return claimed a refund of $9,723,822. The return also was marked by the filer as an "initial return." Title 26 of the United States Code and related

---

[1] A net operating loss is the result when an entity's allowable deductions exceed its taxable income for a tax period. When this happens, the allowable deductions are allowed to be "carried forward" to succeeding years to reduce future taxable income.

[2] The alternative minimum tax is an income tax calculated using a different set of rules meant to ensure certain taxpayers pay at least a minimum amount of tax. In this instance, income of $10M and a net operating loss of $10M would equate no taxable income.

4

regulations generally require any person or entity who makes an interest payment in excess of $10 to another person or entity during a calendar year to report those payments to the IRS on a Form 1099.

12.     Based on a review of IRS records, the return is wholly fictitious. There are no IRS records showing that the Trust or the Smiths themselves received or were entitled to receive $10,000,000 in interest income in 2018. There are no IRS records showing that the Trust or the Smith themselves had $10,000,000 in withholdings for 2018. No entity reported to the IRS any information of $10,000,000 of income or withholdings for the Trust or the Smiths.

13.     Based on a review of IRS records and other available records, the source of the net operating loss claimed on the return is wholly fictitious. Further, regarding the net operating loss, the fact that the return is marked as an "initial return" indicates that there would not be a net operating loss to carryforward because the fictitious filing would be the first filing, i.e. the first taxable period.[3]

14.     Based on the fictitious filing, a refund check in the amount of $9,723,822 was generated and mailed by the IRS on or about February 18, 2020. The check was mailed to "Karen Denise Hable Tr / Karen Denise Hable Ttee" at 1580 Crane Creek, Grayson, Kentucky 41143. The check was deposited into a BB&T account in the name of Karen Denise Hable Trust. The signers on that account are Karen Smith and Kenneth Smith.

III.    Conclusion

15.     Based on your affiant's training and experience and on the foregoing, your affiant submits that there is probable cause to believe that the contents of account number xxxx6729 up

---

[3] See Footnote 1.

to $9,723,822.00 in the name of Karen Denise Hable Trust at BB&T / Truist constitute or were derived from proceeds of wire fraud (18 U.S.C. §1343), mail fraud (18 U.S.C. §1341), and/or theft of public property (18 U.S.C. §641). As such, the account is subject to seizure for forfeiture pursuant to 18 U.S.C. §981(a)(1)(C) and (b)(1) and 18 U.S.C. §982(a)(2)(A).

WHEREFORE, your affiant respectfully requests that a warrant be issued to seize the contents of account number xxxx6729 up to $9,723,822.00 in the name of Karen Denise Hable Trust as listed on page one of this affidavit.

FURTHER THIS AFFIANT SAYETH NAUGHT.

*Terrance Brown by EBA with permission*
Terrance Brown, Special Agent
Internal Revenue Service
Criminal Investigation

Subscribed to and sworn before me on this 8th day of April, 2020.



Signed By:
Edward B. Atkins *EBA*
United States Magistrate Judge

6