UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND DIVISION

| | |
|---|---|
| IN THE MATTER OF the seizure of ) | |
| Contents of Account xxxx6729 ) | |
| Up to $9,723,822.00 in the name of ) | Case No. 0:20-MJ-06-EBA |
| Karen Denise Hable Trust ) | |
| at BB&T / Trust Bank ) | |

**KAREN DENISE SMITH'S MOTION TO DISMISS THE SEIZURE
WARRANT ISSUED ON APRIL 8, 2020
FOR FAILURE TO STATE A CLAIM**

PRESENTLY ENTERS Karen Denise Smith ("Smith"), appearing *in propria* persona, and hereby respectfully files this motion to dismiss the Seizure Warrant issued by United States Magistrate Judge Edward B. Atkins on April 8, 2020 pursuant to the Affidavit in Support of Application for Seizure Warrant signed by Terrance Brown, Special Agent, IRS CID, pursuant to Federal Rule of Criminal Procedure 4(a)

**STATEMENT OF FACTS AND PROCEDURAL POSTURE**

1. On April 8, 2020, IRS CID Agent Terrance Brown, ("Brown") transmitted an application and affidavit for Seizure of funds deposited in a BB&T bank, in an account of Karen Denise Hable Trust. (Doc. 1, 1-1)

2. Magistrate Atkins, after identifying the Affiant's identity, signed the requested Seizure Warrant. (Doc. 4)

3. Agents served the Seizure Warrant and the bank issued a check in the amount of $9,723,239.22. (Doc. 4)

**INTRODUCTION**

4. As shown on the face of the Affidavit of Brown, it was alleged the criminal offense committed by the Smiths was the filing of a fictitious tax return and the

receipt of a tax refund generated from that fictitious return's filing, and that Brown was investigating a criminal tax case or was conducting a tax-related investigation.

5. The Government is prohibited from executing the forfeiture statues in such a case.[1]

6. In order to trigger a forfeiture, Brown alleged Smith had violated 18 U.S.C. §641, embezzlement, theft, purloinment or conversion of any record, voucher, money, or thing of value of the United States.

7. The Smiths engaged in none of these. Smith filed for a Form 1041 tax return and was issued a check from the U.S. Treasury based on that return.[2]

---

[1] The Department of Justice bars the use of forfeiture statutes in the vast majority of tax or tax-related cases, the exception being cases involving illegal source income. "The forfeiture laws should not be used to seize and forfeit personal property such as wages, salaries, and compensation for services rendered that is lawfully earned and whose only relationship to criminal conduct is the unpaid tax due and owing on the income. Title 18 fraud statutes such as wire fraud and mail fraud cannot be used to convert a traditional Title 26 legal-source income tax case into a fraud offense even if the IRS is deemed to be the victim of tax fraud." U.S. Department of Justice Tax Division Criminal Tax Manual (2012, update January 2016. §3 (Policy Directives and Memoranda), p. 66 Tax Directive No. 145. ¶ 8(a), n. 4 ( emphasis added); also found at:

The Department of Justice bars the use of forfeiture statutes in the vast majority of tax or tax-related cases, the exception being cases involving illegal source income. "The forfeiture laws should not be used to seize and forfeit personal property such as wages, salaries, and compensation for services rendered that is lawfully earned and whose only relationship to criminal conduct is the unpaid tax due and owing on the income. Title 18 fraud statutes such as wire fraud and mail fraud cannot be used to convert a traditional Title 26 legal-source income tax case into a fraud offense even if the IRS is deemed to be the victim of tax fraud." U.S. Department of Justice Tax Division Criminal Tax Manual (2012, update January 2016. §3 (Policy Directives and Memoranda), p. 66 Tax Directive No. 145. ¶ 8(a), n. 4 ( emphasis added); also found at:
https://www.justice.gov/sites/default/files/tax/legacy/2014/08/05/CTM%20Chapter%203.pdf

[2] The illegal source income necessary predicate is confirmed by the Internal Revenue Manual "Title 18 forfeiture authority in tax or tax-related investigations is applicable through use of the money laundering statutes (18USC §1956 or §1957).

Mr. Smith is NOT associated with the 1041 filing and has NO affiliation with the registered EIN account with the Internal Revenue Service.

8. In order to trigger the seizure, Brown alleged violation of 18 U.S.C. §1341 and §1343, wire and mail fraud. These are offenses which justify the seizure of assets by the government.

9. To quote from the affidavit Brown, at ¶5 of his affidavit states, "Pursuant to 18 U.S.C. §..1341..shall order that the person forfeit to the United States any property constituting, or derived from, proceeds the person obtained directly or indirectly, as a result of such violation." The property is also subject to criminal forfeiture as proceeds of violations of 18 U.S.C. §1341 and/or §1343 pursuant to 18 U.S.C. §982(a)(B) and/or 28 U.S.C. §2461(c)".

10. Brown goes on to say that the funds in the bank account are subject to seizure under 18 U.S.C. §981(a)(1)(C) & (b)(1) as property constitution or derived from proceeds of a specified unlawful activity, specifically 18 U.S.C. §1341 (mail fraud), 18 U.S.C. §1343 (wire fraud), and/or §641 (theft of public property. There is also probable cause to believe said funds in the account are subject to seizure and forfeiture to the United States pursuant to 18 U.S.C.§982(a)(2)(A) as criminal proceeds.

11. Under the title "PROBABLE CAUSE", Brown enumerates such things as, "the Smiths are married", since 1995 the Smiths have filed bankruptcy four times, in one of the cases, without utilizing an attorney, and filed documents which make sovereign citizen-type arguments, and gives an example of one such argument at 1. Subjects' Background, ¶9.

12. Smith questions these statements as they do not specifically infer any unusual or criminal activity.

13. How and in what manner the Smiths express their beliefs is a First Amendment Right. If their beliefs are expressed in a manner not used by Agent Brown, representing the Government, nevertheless, they have every right to do so.

14. Agent Brown's unnecessary comments are meant to demean or portray Smiths in an unfavorable light.

15. Under the title "Scheme to Defraud", Brown enumerates the details of a 2018 Form 1041 tax return which was filed by Smith, and concludes that the return is "wholly fictitious", a conclusory statement which does not state a fact known to Brown and is not proper in an Affidavit.

16. Brown goes on to catalog a review of IRS records and its policies and procedures.

17. Brown concludes the "Scheme" by stating that the Smiths received a check in the amount of $9,723,822, which was generated and mailed by the IRS on or about February 18, 2020, to the Smiths, at their address, and after endorsing the check, the Smiths deposited the check into an account at BB&T bank.

18. Setting the specific amount aside, this is a normal transaction that probably occurs hundreds of times a day in this country.

19. Brown sums up his "Affidavit" by concluding that based on his training and experience, and the foregoing facts, that based upon his affidavit, there is probable cause to believe that the contents of the Smiths' bank account constitute or were derived from proceeds of wire fraud, mail fraud, and/or theft of public property. He concludes by saying based on those facts, the account is subject to seizure for forfeiture under the forfeiture statutes.

20. Based on his affidavit and the allegations before him, a Seizure Warrant was signed by the Magistrate judge.

## LEGAL STANDARD

21. The procedural means for challenging the sufficiency of a seizure warrant is established by Fed.R.Crim. P. 12(b)(2), which challenges the lack of jurisdiction of the court to be made at any time while the case is pending.

22. This is a challenge to the jurisdiction of the court in the matter of the issuing of a seizure warrant.

23. The question is, did Brown have sufficient grounds and authority to invoke the jurisdiction of the magistrate court and empower it to issue a seizure warrant?

24. A Seizure Warrant is issued as the first step in a federal criminal matter. An offense must be alleged before the next step, a criminal indictment. An indictment must allege each and every element of the crime charged in order to be legally sufficient. United States v. Richards, 204 F. 3rd 177, 191 (5th Cir. 2000). An indictment's failure to charge an offense is a jurisdiction defect. Because the sufficiency of an indictment is a prerequisite to jurisdiction, a defendant may at any time raise an objection based on failure to charge an offense.

The Smiths raise that objection now, pre-indictment and pre-complaint.

## ARGUMENT

**I.   The Affidavit of probable cause fails to State a Mail Fraud Offense.**

25. Agent Brown alleges that the electronic submission of a tax return is a violation of 18 U.S.C. §1343. (wire fraud)

26. Brown claims the refund check sent by the U. S. Treasury through the U.S. Mails constitutes mail fraud in violation of 18 U.S.C. §1341. (mail fraud).

27. "To convict Martinez of mail fraud under 18 U.S.C. 1341, the Government was required to prove beyond a reasonable doubt: "(1) a scheme to defraud, and (2) that Martinez caused the mailing of a letter, etc. for executing the scheme." *Pereria v United States*, 347 U.S. 1, 8 (1954); see also *Bender v. Southland Corp.*, 749 F.2d 1205, 1215-16 (6th Cir. 184). One "causes" the mails to be used where he or she "does an act with knowledge that the use of the mails will follow in the

ordinary course of business, or where such use can reasonably be foreseen, even though not actually intended." *Periera*, 347 U.S. at 8-9.

28. The Government must prove beyond a reasonable doubt: "(1) a scheme or artifice to defraud, (2) use of interstate wire communications in furtherance of the scheme; and (3) intent to deprive a victim of money or property." *United States v. Daniel* . 329 F.3d 480, 485 (6th Cir. 2003) (quoting *United States v. Prince*, 214 F.3d 740, 747-48 (6th Cir. 2000)).

29. The "gravamen" of the mail fraud offense is the "scheme to defraud" and "any mailing that is incident to an essential part of the scheme satisfies the mailing element..even if the mailing contains no false information." *Curtis & Associates, PC v. Bushman,* No. 09-CV-890 (KAM) (RER). U.S.D.C.E.D. New York, 2010.

30. The filing of an income tax return to the IRS, must by necessity be filed electronically, as this is the system the IRS furnishes to the taxpayer.

31. The basic elements of mail fraud under 18 U.S.C. §1341 are the defendant: 1) used a scheme to defraud; (2) which involved a use of the mails: and (3) that the mails were used for the purpose of executing the scheme. *United States v. Nguyen*, 28 F. 3d 447, 481 (5th Cir. 1994). In turn, this circuit requires two additional elements, namely, that the falsehoods employed in the scheme are material, and that a sufficient nexus exists between the fraudulent scheme and the use of the mails in furtherance of the scheme. *United States v. Ratclif*, 488 F.3d 639, 644 5th Cir. 2007)( "To sufficiently charge the offense of mail faud the indictment must allege... the falsehoods employed in the scheme were material"), see also *United States v. Evan*, 148 F.3d 477, 483 (5th Cir. 1998).

32. Smith did not intend to deprive a victim, in this case, allegedly the United States of America, of money or property.

33. Smith filed the return in good faith. If Smith erred in some fashion when she submitted the form, the Government had control of the form and payment, and

if there was any question as to the validity of the return, the Government was not enticed nor defrauded in any way, and always had the option of denying or questioning the return.

34. Could the Smith have failed to file a form or mandatory document with the tax return? It is certainly possible. Smith genuinely believed the accounting as to the refund due was one to which was entitled.

35. Could Smith have been noticed that the filing was defective and given a chance to amend or correct it if it was? Certainly.

36. Agent Brown charges that the mailing by the U. S. Treasury of the refund check constituted mail fraud on the part of Smith.

37. At all times, the IRS and U.S government were in control of both the method of filing the form and the method used to issue the check to Smith.

38. No fraud was ever contemplated or perceived by Smith.

39. Agent Brown asserts that the filing of the tax return by electronic means constituted wire fraud.

40. Smith merely followed instructions issued by the IRS on the IRS website.

41. In *Parr v. United States*, 363 U.S. 370 (1960), defendants were charged with mail fraud when a school district credit card was used to make unauthorized purchases, the element of mail fraud was satisfied when the oil company which issued the credit card mailed invoices to the school district for payment, and when the district mailed payment in the form of a check. Relying on *Kahn v. United States*, 323 U.S. 88, 95 (1944), the Supreme Court held that these mailings were not in execution of the scheme as required by the statute because it was immaterial to the defendants how the oil company went about collecting its payment.

42. The filing of the return and the mailing of the check are all normal business practices in filing of tax returns. Smith did nothing out of the ordinary and did not trigger the mail fraud statute.

43. Smith lacked the *mens rea* which is necessary in a criminal action.

44. Smith maintains that a tax return for refund could be construed to be a First Amendment right to redress from the Government.

45. The First Amendment prohibits the Government from criminalizing the Smiths for engaging in the protected act of petitioning for redress of grievances by filling out and filing a tax return form furnished by the IRS.

46. This fundamental right to petition is entwined with other essential liberties like freedom of speech: "It was not by accident or coincidence that the right to freedom in speech and press were coupled in a single guarantee with the rights of the people peaceably to assemble and to petition for redress of grievances." *Thomas v. Collins,* 323 U.S. 516, 530 (1945).

47. Accordingly, Smith asserts that Agent Brown fabricated the mail and wire fraud charges in order to reach 18 U.S.C. 981 forfeiture statutes.

48. To sufficiently charge mail fraud the affidavit must sufficiently plead materiality. The failure to charge an offense is a jurisdictional defect. Smith is raising an objection to the charge of mail fraud on that failure.

49. A falsehood is material if the speaker knows or has reason to know that its recipient regards or is likely to regard the matter as important in determining his choice of actions. *United States v. Richards,* 204 F.3d 177, 191 (5th Cir. 2000).

50. Wire fraud includes "any scheme to deprive another of money or property by means of false or fraudulent pretenses, representations, or promises."

51. The 18 U.S.C. §1343 wire fraud statute and the virtually identical 18 U.S.C. §1341 mail fraud statute are interpreted *in pari materia* by the Supreme Court. *See Pasquantino v. United States,* 544 U.S. 349, 355 N.2 125 (2005). Because the scope of the §1343 wire fraud is similarly limited to the protection of property rights, the holding of *Ratcliff* applies in full here, and mandates dismissal of the Seizure Warrant.

## AGENT ACTIVITIES OUTSIDE THE SCOPE OF IRS CID AGENT

52. The Affidavit of probable cause for forfeiture signed by Special Agent Terrance I. Brown and presented to a federal Magistrate alleging criminal activity, is outside the Agent's scope of authority.

The IRS website at https://www.irs.gov/compliance/criminal-investigation/how-criminal-investigations-are-initiated explains the process whereby a criminal investigation is initiated, the analysis and investigation approvals mandated, conducting the criminal investigation and prosecution recommendations by Special Agents.

53. If an investigation determines the case warrants criminal prosecution, the recommendation is forwarded to the Department of Justice, Tax Division. If the DoJ Tax Division accepts the investigation for prosecution, the Department of Justice prosecutes the case.

54. This application for asset forfeiture, submitted by Special Agent Brown was padded with legally defective mail and wire fraud allegations in a naked attempt to trigger forfeiture of almost $10 million on deposit in a bank.

## CONCLUSION

The allegations of wire and mail fraud are a predictable consequence of Special Agents Brown's efforts to manufacture Title 18 felony charges in a federal tax case, to increase penalties and justify a forfeiture of tax refund which was deposited in a bank. Brown is attempting to effect a civil forfeiture of assets pursuant to 18 U.S.C. §981(b)(2) without the filing of a complaint as mandated by Rule G Forfeiture Actions in Rem, in which case the government must proceed under 18 U.S.C. §985.

None of these statutory safeguards have been followed and a reasonable person could only conclude that the laws were not followed, jurisdiction to seize

was not conveyed on the Court by Special Agent Brown, and the assets must be returned to Smith.

## PRAYER FOR RELIEF

For the reasons set forth above, I Karen Denise Smith respondent, requests this Court grant this MOTION TO DISMISS THE SEIZURE WARRANT ISSUED ON APRIL 8, 2020 FOR FAILURE TO STATE A CLAIM.

Respectfully,

*[signature]*

Karen Smith A.R.

For the Karen Denise Hable Trust

## CERTIFICATE OF SERVICE

I hereby certify that on October 13, 2020 a true copy of "MOTION to DISMISS the SEIZURE WARRANT ISSUED on APRIL 8, 2020" was issued and mailed postage prepaid, deposited with the USPS and addressed to:

James Chapman AUSA
260 W. Vine St. Ste 300
Lexington, KY 40507

By: _____
Karen Smith
1580 Crane Creek Road
Grayson, KY 41143
606-315-1257